IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 18-cr-00170-CMA-2
Civil Action No. 20-cv-03194-CMA

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

2.    VICTOR LOERA,

    Defendant/Movant.

## ORDER

This matter is before the Court on Defendant Victor Loera's *pro se* amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("amended Motion") (Doc. No. 311), filed on November 24, 2020. The Court construes Mr. Loera's filings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the amended Motion will be denied under either 28 U.S.C. § 2255 or 18 U.S.C. § 3582(c).

Mr. Loera pleaded guilty to one count of possession with intent to distribute 5 kg or more of cocaine (or of aiding and abetting the same), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2. (See Judgment; Doc. No. 205). On February 20, 2019, Mr. Loera was sentenced to a prison term of 37 months. (*Id.*). Mr. Loera did not file a direct appeal.

On October 26, 2020, Mr. Loera filed an incomplete Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 306). In response to a November 10, 2020 Order, he filed an amended Motion on November 24, 2020. In the amended Motion, Mr. Loera does not assert any claims for relief, despite being instructed to do so in the November 10 Order. (*See* Doc. No. 310). Instead, Movant has filed, as attachments to the amended Motion, a Letter in which he asks the Court to reduce his sentence based on his completion of educational and other programs while in prison (Doc. No. 311-2), along with documentation evincing the same (Doc. No. 311-1).

"A district court does not have inherent power to resentence defendants at any time." *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996). Instead, "[a] district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *Id.* at 947.

One possible source of statutory authority is 28 U.S.C. § 2255, which permits a petitioner to move the court which imposed the sentence to vacate, set aside or correct the sentence on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Pursuant to § 2255(f), a one-year limitation period applies and shall run from the latest of—

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by

> governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Mr. Loera's judgment of conviction was entered on February 20, 2019. Because Movant did not file a direct appeal, his conviction became final on March 6, 2019, fourteen days after the judgment was entered. *See United States v. Burch*, 202 F.3d 1274 (10th Cir. 2000); Fed. R. App. P. 4(b)(1)(A) and 26(a). Because Mr. Loera fails to show that he is entitled to a later commencement date, the Court finds that the one-year statutory limitation period began in March 2019 and expired in March 2020. Mr. Loera did not file his original § 2255 motion until October 26, 2020. Therefore, his request for relief under § 2255 is untimely. Movant is not entitled to equitable tolling because he fails to demonstrate that the failure to timely file was "caused by extraordinary circumstances beyond his control." *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *see also United States v. Garcia-Rodriguez*, No. 07-8077, 275 F. App'x 782, 784 (10th Cir. 2008) (the movant in a § 2255 motion bears the burden to show specific facts in support of a claim of extraordinary circumstances and due diligence).

Moreover, even if relief is not time-barred under § 2255(f), Mr. Loera fails to state a claim cognizable under § 2255(a).

The only other possible source of statutory authority for the amended Motion is

18 U.S.C. § 3582. *See United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) ("Because Mr. Smartt's motion for sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, "the viability of his motion depends entirely on [18 U.S.C. § 3582(c)]"). However, § 3582(c) authorizes a sentence modification only in three limited circumstances: (1) when the Director of the Bureau of Prisons moves to reduce the sentence, *see* 18 U.S.C. § 3582(c)(1)(A); (2) when modification is permitted under Rule 35 of the Federal Rules of Criminal Procedure to promptly correct a clear error or to reduce the sentence for substantial assistance, *see* 18 U.S.C. § 3582(c)(1)(B); and (3) when the Sentencing Commission has reduced the applicable guidelines range after the defendant was sentenced, *see* 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) proceedings are "narrow" in scope and authorize "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 828 (2010).

Mr. Loera has not shown that any of the statutorily-enumerated grounds are present in this case. The Court thus finds that Movant is not entitled to relief under 18 U.S.C. § 3582(c).

Finally, to the extent Mr. Loera purports to assert a claim pursuant to 18 U.S.C. § 3621(e)(2)(B), which authorizes the Bureau of Prisons to grant a sentence reduction of up to one year for an inmate convicted of a nonviolent offense who successfully completes a substance abuse treatment program, the claim must be asserted in a habeas corpus action pursuant to 28 U.S.C. § 2241. *See, e.g., Fristoe v. Thompson*, 144 F.3d 627 (10th Cir. 1998).

For the reasons discussed above, it is

ORDERED that the amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 311), filed on November 24, 2020, is DENIED and this action is DISMISSED. It is

FURTHER ORDERED that no certificate of appealability will issue as to Mr. Loera's request for relief pursuant to 28 U.S.C. § 2255 because he has not made a substantial showing of the denial of a constitutional right.

DATED:   December 10, 2020

BY THE COURT:

*Christine M Arguello*
CHRISTINE M. ARGUELLO
United States District Judge